IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eric A. Grimes,                                Case No. 3:17 CV 630

         Plaintiff,                         MEMORANDUM
                                               OPINION AND ORDER
    -vs-
                                               JUDGE JACK ZOUHARY
Wade Kapszukiewicz, et al.,

         Defendants.

## INTRODUCTION

Plaintiff *pro se* Eric Grimes brings this Amended Complaint (Doc. 6) against Defendants Lucas County Treasurer Wade Kapszukiewicz and the United States. Grimes alleges his property was improperly sold at a Sheriff's sale to satisfy a tax debt (*id.* at 2). He further alleges the debt was never validated, and Defendants demanded payment but refused to provide a bond showing the tax liability (*id.*). He claims he is entitled to redemption under Article VI of the Constitution and the International Bill of Human Rights, as well as recoupment under the Uniform Commercial Code and the "Securities and Exchange Commission" (*id.*).

Grimes cites the following additional authorities, in summary fashion, in support of the Amended Complaint: 12 U.S.C. § 411 (authorizing issuance and redemption of federal reserve notes); 15 U.S.C. §§ 1–2 (antitrust laws), 78ff (penalties for violation of securities exchange laws), & 1692 (Fair Debt Collection Practices Act); 18 U.S.C. §§ 3 (accessory after the fact), 241 (conspiracy), 242 (deprivation of rights under color of law), 1001 (making false statements), 1002 (possession of false

papers to defraud the United States), 1512 (witness tampering), & 1961 (racketeering); 42 U.S.C. §§ 1983 & 1985 (civil rights); 26 U.S.C. § 6110 (public inspection of written tax determinations); United States Constitution Article I, clause 10 and Article VI, clause 2; the Fourth, Fifth, Sixth and Fourteenth Amendments; and Articles 2, 8, 12, and 17 of the International Bill of Human Rights.

Grimes also moves to proceed *in forma pauperis* (Doc. 2). Though his application is somewhat lacking in detail, Grimes swears under penalty of perjury that he is unemployed and unable to afford the filing fee. The information he does provide suggests this is true, as his basic living expenses appear to exceed his monthly income. Accordingly, the Motion to proceed *in forma pauperis* (Doc. 2) is granted -- but this Court cautions Grimes to exercise more care in completing the required paperwork, should he find himself in court in the future.

## DISCUSSION

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). But "[e]ven a pro se pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Frengler v. General Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). *See also Wells v. Brown*, 891 F.2d 591, 594 ("The trial and appellate courts should not have to guess at the nature of the claim asserted."). This Court therefore must dismiss an action under 28 U.S.C. § 1915(e)(2)(B) if it fails to state a claim upon which relief may be granted or lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

This Court construes the Amended Complaint in the light most favorable to Grimes, accepts all factual allegations as true, and determines whether the Amended Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). A complaint need not include detailed factual allegations, but it must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that merely offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Here, the Amended Complaint consists of a single paragraph of vague factual allegations and legal conclusions, followed by a list of federal statutes, Constitutional provisions, and international treaty provisions under the heading "Violations" (Doc. 6 at 2–3). Construed liberally, these scattered allegations and citations fail to state a plausible claim for relief. For example, the Fair Debt Collection Practices Act (FDCPA) does not apply to any state or federal officers or employees collecting debts during the course of their official duties. *See* 15 U.S.C. § 1692a(6). Some of the cited authorities address conduct -- such as the issuance and redemption of federal reserve notes, 12 U.S.C. § 411 -- that does not appear relevant to the allegedly improper sale of Grimes' property. Others -- *e.g.*, 18 U.S.C. §§ 3, 241, 242, 1001, 1002, 1512 -- are criminal statutes that do not provide a private right of action in a civil proceeding. The Racketeer Influenced and Corrupt Organizations (RICO) Act *does* authorize a private right of action, *see* 18 U.S.C. § 1964, but Grimes alleges no facts plausibly suggesting Defendants have committed RICO violations. Nor does he allege any facts reasonably suggesting he might have a viable claim against Defendants for antitrust violations under 15 U.S.C. Chapters 1 and 2, securities violations under 15 U.S.C. § 78, violation of due process or other Constitutional rights, or breach of any "contract" between the United States and the United Nations. In short, the Amended Complaint fails to state a claim upon which relief may be granted.

**CONCLUSION**

This action is dismissed under 28 U.S.C. § 1915(e)(2)(B). The Motions to Set Trial and for Hearing (Doc. 3) and for Discovery (Doc. 4) are denied as moot. The Motion for Extension of Time (Doc. 5) filed by the United States is also denied as moot. The Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

May 31, 2017